# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CLAYTON GAUS,                  )
          Plaintiff,         )
                            )
       v.                    )   Case No. 17-0026-CV-W-FJG
                            )
DOLLAR TREE STORES, INC.,   )
          Defendant.      )

## <u>ORDER</u>

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 2), arguing that plaintiff's claim was filed too late. When plaintiff failed to respond to the motion to dismiss, the Court ordered plaintiff to show cause in writing on or before February 27, 2017, why this case should not be dismissed for the reasons stated in defendant's motion. Plaintiff filed his response to the show cause order on February 21, 2017, and subsequently defendant filed reply suggestions on March 14, 2017.

Defendant argues that plaintiff's petition was filed untimely under the Missouri Human Rights Act. Plaintiff's right to sue letter under the Missouri Human Rights Act is dated July 8, 2016. See Doc. No. 1-2, p. 4. Plaintiff's petition, filed in the Circuit Court of Jackson County, Missouri, was filed on October 7, 2016. R.S.Mo. § 213.111.1 requires that plaintiff file his petition within 90 days of the issuance of the Right to Sue Notice. Here, as in <u>Hammond v. Municipal Correction Institute</u>, the plaintiff filed his petition 91 days after the Notice was issued. See 117 S.W.3d 130 (Mo. App., W.D. 2003). In <u>Hammond</u>, the Missouri Court of Appeals found that the plaintiff's claims were filed untimely, as plaintiff Hammond was warned that he must bring his civil action within 90 days of the notice, yet failed to do so. <u>Id.</u> at 139. Thus, on the same facts as are present in this matter, the Missouri Court of Appeals found that plaintiff Hammond had failed to state a claim upon which relief can be granted. <u>Id.</u> at 135-36.

In his response, pro se plaintiff Gaus argues that he received his 90-day right to sue from both the Missouri Commission on Human Rights (MCHR) as well as the EEOC on July 12, 2016. Plaintiff argues he was confused about which letter to include when he filed his petition at the Jackson County Courthouse, so only included the one from the MCHR. Plaintiff argues that, although the letter from the EEOC was signed and dated June 21, 2016 (with an indication it was mailed on June 21, 2016)[1], he did not receive that letter until July 12, 2016. Plaintiff notes that the EEOC letter indicates he has 90 days to sue upon receipt of the letter, and that by filing his petition on October 7, 2016, he would have fallen within the 90-day period for filing an EEOC action.

In reply, defendant notes that plaintiff's petition (Doc. No. 1-2, pp. 2-3) makes no mention of a federal claim (other than one possibly based on the "disability act of 1973," which to the extent plaintiff meant to refer to the Rehabilitation Act of 1973, does not apply to plaintiff as he is not a federal employee). Nor does plaintiff's petition attach a copy of the Right to Sue letter from the EEOC. As the only claim mentioned in the petition is one under the MHRA, and that claim was filed untimely, defendant argues that the motion to dismiss must be granted.

The Court agrees with defendant that, to the extent plaintiff is pleading claims under the MHRA, the motion to dismiss (Doc. No. 2) must be **GRANTED**. However, the Court believes that plaintiff may be able to allege sufficient facts related to the original complaint that could state a claim for relief under federal law for race and disability discrimination. See Bradley v. Commerce Bank, N.A., No. 09-1084-CV-W-FJG, 2010

---

[1] The Court notes that, under the applicable case law, it is presumed that notice is received three days after notice is mailed. Rich v. Bob Downes Chrysler Plymouth, Inc., 831 F.Supp. 733, 735 (E.D. Mo. 1993) (citing Ballwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984)). Given that the letter from the EEOC states that it was mailed on June 21, 2016, the Court has questions as to whether plaintiff first received the letter on July 12, 2016, in a single mailing with the MHRA notice of right to sue.

WL 1994707 at *6 (W.D. Mo. May 14, 2010) (allowing relation back to encompass in-artfully pled Title VII claims even though MHRA claims were untimely and dismissed) (citing Baker v. John Morrell & Co., 266 F.Supp.2d 909, 929 n.3 (N.D. Iowa 2003)). Therefore, plaintiff is directed to file a motion for leave to file an amended complaint on or before **MAY 25, 2017**, attempting to state a claim for relief under federal discrimination law.  The motion for leave to file an amended complaint must contain (1) a copy of the proposed amended complaint; (2) plaintiff's charge of discrimination submitted to the EEOC; and (3) plaintiff's right to sue letter.  Plaintiff is cautioned that if he fails to file a motion for leave to amend his complaint on or before May 25, 2017, this matter may be dismissed without further notice.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order by regular and certified mail to plaintiff at the following address: Clayton Gaus, 311A SE Melody Lane, Lee's Summit, MO 64063.

**IT IS SO ORDERED**.


Date:   May 5, 2017                          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                        Fernando J. Gaitan, Jr.
                                             United States District Judge